## IN RE ASSIGNMENT OF CITIZENS' STOCK BANK, Hancock's Appeal.

**Kansas City Court of Appeals, December 3, 1900.**

1. **Assignments: REPORT OF SALES: FILING OBJECTIONS: DUTY OF COURT.**  Although objections to the assignee's report of sale under the general assignment statute are not filed within three days, or even in the absence of objections, it is the duty of the court

In re assignment of Citizens Bank.

to investigate the sale and approve or reject the same as to it seems proper, and the sale remains in abeyance until acted upon by the court.

2. ———: ———: APPROVAL: EVIDENCE. The evidence reviewed and held sufficient to set aside the sale of a judgment made and reported by an assignee.

Appeal from the Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Alf. F. Rector* and *Leslie Orear* for appellant.

(1) The Boatmen's Bank being a creditor had three days in which to file its objections to the report of sale after the same had been filed in the circuit court. This the bank failed to do and did not file its objections until February 27, twenty-one days after the report of sale had been filed. The circuit court thereafter had no jurisdiction to entertain exceptions to report of sale by assignee, filed after the lapse of three days. R. S. 1899, sec. 364. (2) The court erred in setting aside the sale of Storts Brothers' judgment to Hancock because there was no evidence before the court to justify such finding. Moreover, the court is not authorized to set aside the sale under judicial process for mere inadequacy of price in the absence of fraud, or some mistake, attending said sale. This is an action at law. In re Estate of Edwards, 47 Mo. App. 307.

*I. N. Watson* and *Herider & Herider* for respondent.

(1) The judgment of the circuit court was right in the premises. The alleged record nowhere shows the assignee

ever complied with the order of court. (2) Sec. 465, Revised Statutes 1889, only limits the time of filing objections by creditors to the sale where the "assignee, before procuring said order, shall give such notice of his application therefor, as the court or judge thereof in vacation may direct." No notice was given to the creditors of this bank of the assignee's application for an order of sale, and the creditors had no notice of application or sale; hence they did not lose their rights to object because objections were not filed in three days after making such report. But this section expressly provides that nothing done by the assignee shall be final until the approval of the court, and the court had the right to reject such sale on its own motion if it thought the sale was not just and equitable to the creditors. The circuit court refused to permit the creditors of this estate to be fleeced in this manner, and we submit its judgment should be affirmed.

GILL, J.—On the first day of the February term, 1899, of the Saline Circuit Court, Com. P. Storts, assignee of the above named estate, made a report to the court of the sale of certain uncollected notes, judgments, etc., among which was a judgment in favor of the estate and against Storts Bros. and Joseph Field, deceased, in the sum of $12,571.19 and interest. The assignee reported that he had sold said judgment, subject to the court's approval, to David A. Hancock for the sum of $100.

Three weeks thereafter, but during the same February term, the Boatmen's Bank, a creditor of the assigned estate, filed objections to the sale of the judgment to Hancock. At a subsequent hearing by the court the exceptions of the Boatmen's Bank were sustained as to the sale of said judgment, and from order setting the sale aside, Hancock, the purchaser, has appealed.

I.   This controversy arises on the action of the assignee taken in pursuance of an order of the circuit court made as provided in section 364, Revised Statutes 1899.   Under that section it is provided that the assignee shall report his proceedings of sale to the court within the first three days of the term succeeding the order, "for approval or rejection and for such further and other orders as may be deemed proper: *provided* any creditor may appear and file his objections to such report within three days after the filing of the report * * * * and such objections shall be heard and determined without delay, and nothing in this section authorized to be done by the assignee shall be final until the approval of the court," etc.

The first contention is that in this case the court had no jurisdiction to entertain the objections filed by the Boatmen's Bank because they were not filed within the three days provided in the statute.   We think there is no merit in this contention.   Even if it be conceded that the Boatmen's Bank was out of time with its exceptions, and for that reason had no right to be heard; and that because of the delay in filing its objections it could not complain if the court had stricken out the same, yet it remained the duty of the court—even in the absence of objections by a creditor of the assigned estate—to investigate the sale and approve or reject the same as to it seemed proper.   And until the report was acted upon by the court the sale was imperfect and incomplete, since the statute says, that "nothing in this section authorized to be done by the assignee shall be final until the approval of the court."   The court then had jurisdiction of the report; it was in duty bound to supervise the action of the assignee, and this too regardless of the presence or absence of objections by creditors.   The matter of such sale remained in abeyance until acted upon by the court.

Vol. 86 app.—2

II. As to the merits of the case, it is sufficient to say that the court's action in disapproving the sale of the judgment in question is well supported by the evidence. Outside the question of fraud, and of which we express no opinion, the court clearly acted for the best interest of the estate. It appears that the judgment against the Field estate was probably worth ten cents on the dollar, or nearly $1,400, whereas it was being sold for $100. It was an asset, too, likely to be realized on within a very short time and nearly $700 was paid shortly after the assignee's sale and before the same was acted upon by the court.

There is no merit in the appeal and the judgment will be affirmed. All concur.